

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXON~~
ATTORNEY GENERAL

Hon. Guy Turner
County Auditor
Denton County
Denton, Texas

Dear Sir:

Opinion No. O-1102
Re: Can the county pay a sheriff on a salary basis for his meals when on official business either in or out of the county?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"Our sheriff is paid on a salary basis and the county owns the cars.

"I would like an opinion as to whether or not the county can pay for his meals when on official business either in or out of the county."

Section (b) of Article 3899, R. C. S. reads as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the costs of surety bonds for his deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the commissioners' court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any,

otherwise the county treasurer, only as to whether
funds are available for payment of such expenses.
The commissioners' court of the county of the
sheriff's residence may, upon the written and sworn
application of the sheriff stating the necessity
therefor purchase equipment for a bureau of crim-
inal identification, such as cameras, finger
print cards. inks, chemicals, microscopes, radio
and laboratory equipment, filing cards, filing
cabinets, tear gas and other equipment in keeping
with the system in use by the Department of Pub-
lic Safety of this State, or the United States
Department of Justice and/or Bureau of Criminal
Identification."

"Such purchases shall be made by each officer,
when allowed, only by requisition in manner pro-
vided by the County Auditor, if any, otherwise by
the Commissioners' court. Each officer shall, at
the close of each month of his tenure of office,
make an itemized and sworn report of all approved
expenses incurred by him and charged to his county,
accompanying such report with invoices covering
such purchases and requisitions issued by him in
support of such report. If such expenses be in-
curred in connection with any particular case,
such report shall name such case. Such report,
invoices and requisitions shall be subject to the
audit of the county auditor, if any, otherwise by
the commissioners' court, and if it appears that
any item was not incurred by such officer, or that
such item was not a necessary or legal expense of
such office, or purchased upon proper requisition,
such item shall be by said County Auditor or court
rejected, in which case the payment of such item
may be adjudicated in any court of competent juris-
diction. All such approved claims and accounts
shall be paid from the Officers' Salary Fund unless
otherwise provided herein.

"The commissioners' court of the county of
the sheriff's residence may, upon the written
and sworn application of such officer, stating
the necessity therefor, allow one or more auto-
mobiles to be used by the sheriff in the discharge
of official business, which, if purchased by the
county shall be bought in the manner prescribed
by law for the purchase of supplies and paid for
out of the General Fund of the county and they
shall be reported and paid in the same manner as

herein provided for other expenses.

"Where the automobile or automobiles are owned
by the sheriff or his deputies, they shall be al-
lowed four (4¢)  cents for each mile traveled in
the discharge of official business, which sum shall
cover all expenses of the maintenance, deprecia-
tion and operation of such automobile.  Such mile-
age shall be reported and paid in the same manner
prescribed for other allowable expenses under the
provisions of this section .  No automobile shall
be allowed for any Deputy Sheriff except those re-
gularly employed in outside work.  It shall be the
duty of the county auditor, if any, otherwise the
commissioners' court, to check the speedometer read-
ing of each of said automobiles, owned by the county
once each month and to keep a public record thereof;
no automobile owned by the county shall be used
for any private purpose."

On January 29, 1936, this department held in an opinion
written by Hon. Joe J. Alsup, Assistant Attorney General, ad-
dressed to Hon. W. B. Walker, County Attorney, Coleman County,
Texas, that the provisions of Article 3899, R. C. S. are broad
enough to include such expenses as hotel bills and meals for
a sheriff or other county officers while away from the county
seat on official business assuming that the same be necessary.
For under the terms of Article 3899, all reasonable and neces-
sary expenses are allowable and we feel that in some cases
hotel bills and meals would be proper and necessary.

We quote from an opinion written by Hon. Joe J. Alsup,
Assistant Attorney General, addressed to Mr. Orn Smith, sheriff
of Johnson County, as follows:

"A sheriff is entitled to all reasonable
expenses necessary in the proper and legal con-
duct of his office.  If in the discharge of his
official duties it becomes necessary for said
sheriff to go without the confines of his county,
clearly all expenses incurred when reasonable and
necessary should be paid as expense of office.
It would be manifestly unfair to require the sher-
iff to pay this amount out of his salary."

Under the terms of Article 3899, supra, all reasonable
and necessary expenses are allowable and we believe that ex-
penses for meals would be proper and necessary.

You are respectfully advised that it is the opinion

of this department that the county can pay for the meals of the sheriff when he is on official business away from the county seat, either in or out of the county.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:AW:wc


APPROVED AUG 3, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/WRK Chairman